IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CODREA )<br>75781 Valley View Road )<br>Hudson, OH  44236 )<br> )<br> )<br>    Plaintiff, )<br> )<br>  v. )<br> )<br>DEPARTMENT OF JUSTICE, )<br>950 Pennsylvania Avenue, NW )<br>Washington, DC 20530 )<br> )<br>    Defendant. )<br>_____ ) | COMPLAINT<br>(Freedom of Information<br>Act, 5 U.S.C. §552) |

Comes now David Codrea ("Codrea"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Department of Justice ("DOJ").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

**PARTIES**

4. Plaintiff David Codrea ("Codrea") is an adult male resident of the state of Ohio and a Second Amendment journalist.  In 2011, Codrea was named "Journalist of the Year" by the Second Amendment Foundation for his groundbreaking work exposing the "Fast and Furious" ATF "gunwalking" scandal, and was a co-recipient of Soldier of Fortune

Magazine's "2nd Amendment Freedom Fighter Award," and Jews for the Preservation of Firearms Ownership's "David and Goliath Award" for his work on that story. He was also named a 2014 Defender of Liberty by the Second Amendment Foundation. Additionally, Mr. Codrea writes for Ammoland Shooting Sports News. *See* https://www.ammoland.com/author/david-codrea/.

5. Defendant Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f). Defendant DOJ has possession, custody and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On April 28, 2025, Plaintiff transmitted a Freedom of Information Act ("FOIA") request to Defendant DOJ. The FOIA was submitted via the Online Portal. A true and correct copy of the FOIA is attached as Exhibit A.

7. Plaintiff's FOIA requested information related to FR Doc. 2025-07317, [1] specifically:

- All records "reviewed" by the Attorney General for each individual listed in the filing;
- All records "that each individual submitted" to receive relief under 18 U.S.C. 925(c); and
- All other records not "submitted" by the list of individuals, but relied upon by the Attorney General in establishing that "each individual will not be likely to act in a manner dangerous to public safety and that the granting of the relief to each individual would not be contrary to the public interest."

8. DOJ sent an acknowledgement, dated May 1, 2025. *See* Exhibit B.

9. The DOJ did not determine whether it would comply with the request or state how many documents would be produced and what exemptions, if any, would be invoked.

---

[1] *See* https://public-inspection.federalregister.gov/2025-07317.pdf (FR Doc. 2025-07317 Filed: 4/28/2025 8:45 am; Publication Date: 4/29/2025).

10. Pursuant to FOIA, 5 U.S.C. §552(a)(6)(A)(i), Defendant DOJ had twenty (20) business days in which to produce the requested records. This period has expired.

11. Pursuant to 5 U.S.C. §552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days of receipt and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.

12. As of the date of this Complaint, DOJ has failed to: (i) to fully comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons therefore; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce all the requested records or otherwise demonstrate that the requested records are exempt from production.

13. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. §552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. §552(a)(6)(C).

## COUNT I
### (Violation of FOIA, 5 U.S.C. §552 Against DOJ)

14. Plaintiff realleges the preceding paragraphs as if fully stated herein.

15. Defendant DOJ is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

16. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant DOJ is compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 25, 2025

Respectfully Submitted,

DAVID CODREA

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*